UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| S.M., et al | CIVIL ACTION NO. 14-cv-903 |
| v. | SECTION "C" |
| ST. TAMMANY PARISH PUBLIC SCHOOLS | HON. HELEN BERRIGAN |

### Order and Reasons

This matter comes before the Court on defendant's Motion for Summary Judgment, plaintiffs' Cross Motion for Summary Judgment, and plaintiffs' Motion for Award of Attorney's Fees. Rec. Docs. 7, 19, 20. Having considered the law, facts, and memoranda of counsel, the Court hereby and for the reasons discussed herein:

(1) DENIES defendant's Motion for Summary Judgment (Rec. Doc. 7)

(2) GRANTS plaintiffs' Cross Motion for Summary Judgment (Rec. Doc. 19)

(3) Refers to the Magistrate Judge plaintiffs' Motion for Award of Attorney's Fees (Rec. Doc. 20)

I.      Factual Background

The instant dispute concerns whether or not plaintiff is entitled to attorney's fees under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1401 et seq. The following facts are undisputed. In the fall of 2013, S.M. was a student in the ninth grade at Slidell High School. Rec. Doc. 7-2 at ¶3. S.M. is an individual identified with a disability under IDEA. *Id*. at ¶2. On January 6, 2014, defendant convened a meeting of S.M.'s Individualized Education Program ("IEP") Team. *Id.* at ¶4. Prior to the meeting, S.M.'s IEP provided that he attend classes at school with non-disabled students for approximately 28 hours per week. Rec. Doc. 18-3 at 9-19. At the meeting, the defendant proposed that S.M. be placed in a homebound program with eight hours of tutoring per week. S.M.'s mother disagreed with the proposal and did not sign the IEP document. *Id*. at 19. The same day, and without consent from S.M.'s mother, defendant removed S.M. from his prior school program and placed him in the homebound program. *Id*. at 9-19.

The next day, on January 7, 2014, S.M. through his attorneys sent a request by certified mail for a due process hearing with the Louisiana Department of Education. Rec. Doc. 18-2 at 16-24. The request asked the hearing officer for the following relief:

> A. Assume jurisdiction and set this matter down for a due process hearing;
> B. Institute "Stay Put," allowing [S.M.] to return to Slidell High School immediately in accordance with 34 CFR 300.518.
> Provide the Complainants with the following relief:
> C. Issue an order requiring the SCPSB to take the following steps:
>    1. Immediately return [S.M.] to placement at Slidell High School with appropriate accommodations.
>    2. Provide compensatory educational and related services sufficient to compensate for the educational time and related services that were lost.
>    3. Instruct STPSB staff and agents that a student with a disability cannot be placed on homebound instruction solely based on a non-school related arrest.
>    4. Grant such other or further relief as may be deemed just and appropriate.

2

*Id*. at 23. On January 8, 2014, counsel for plaintiff emailed defendant to ask whether S.M. would return immediately to Slidell High pursuant to the "stay put" provision of IDEA.[1] Defendant responded that the new, homebound placement applied, stating:

> S.M. is placed according to the current IEP. His placement per that IEP as of January 6, 2014 applies. Placement on homebound began on January 6, 2014. The due process hearing request was filed on January 7, 2014. . . . That is the stay put effect pursuant to 34 C.F.R. §518(a).

Rec. Doc. 18-2 at 13. On January 10, 2014, S.M. filed a motion seeking an expedited ruling to compel defendant to return S.M. to Slidell High School as his previous IEP provided. Rec. Doc. 7-5 at 14. On January 16, 2014, defendant opposed plaintiffs' requests for relief in a Motion to Strike and Motion for Extension of Time. Rec. Doc. 18-4. In the motions, defendant argued that S.M's

> . . . Motion seeks a placement order from this tribunal which goes to the merits of their due process hearing request. The complainants' pre-emptive attempt to change their son's pending placement under the facts and posture of this complaint is not allowed under controlling United States Fifth Circuit jurisprudence. Moreover, the Motion attempts to abridge and circumvent the parties' (and especially the School Board's) opportunity to present evidence, witnesses, and confront the complainant's witnesses and evidence via the mandates of the IDEA due process mechanism.

*Id*. at 2. Defendant's motions also argued that "[c]learly, pendency-placement cannot be separated from the merits issue in the instant matter—placement is the core issue in the due process hearing." *Id*.

On January 23, 2014, the Administrative Law Judge ("ALJ") ordered that S.M. be allowed to attend school under the IEP that had been in effect prior to January 6, 2014 ("January 23 order"). The ALJ noted in the January 23 order that "[u]nder IDEA, a stay-put order is not a final adjudication of the merits of the issue of retention but serves as injunctive relief during the pendency of the due process action to maintain the status quo." Rec. Doc. 7-5 at 15. The parties

---

[1] The IDEA's stay-put provision provides that "during the pendency of any proceedings. . . the child shall remain in the then-current educational placement. . . ." 20 U.S.C. §1415(j).

3

subsequently entered mediation and, on March 17, 2014, reached an agreement which granted S.M. continued placement at Slidell High School, among other relief (March 17 agreement). The March 17 agreement explicitly reserved plaintiffs' right to pursue attorney's fees. *Id*. at 30. On March 21, 2014, plaintiffs moved to withdraw their hearing request and incorporated the mediation agreement into the record, thereby terminating the administrative proceedings. *Id*. at 27.

On April 18, 2014, plaintiffs filed the instant complaint in this Court, praying for attorney's fees and costs to be awarded to them pursuant to the IDEA.

## II.    Standard of Review

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of '[discovery], together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). Once the initial burden is met, the nonmoving party must "designate specific facts showing there is a genuine issue for trial" using evidence cognizable under Rule 56. *Id.* at 324, 106 S. Ct. at 2253. When reviewing a motion for summary judgment, a court must view the evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Daniels v. City of Arlington, Texas*, 246 F.3d 500, 502 (5th Cir. 2001). Summary judgment does not allow a court to resolve credibility issues or weigh evidence. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

## III.    Law and Analysis

*a. Prevailing party status and entitlement to attorneys' fees*

The IDEA provides, "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs—(I) to a prevailing party who is the parent of a child with a disability." 20 U.S.C. §1415(i)(3)(B). The United States Court of Appeals for the Fifth Circuit has found, therefore, that "only a parent who can rightly be classified as a 'prevailing party' is entitled to attorneys' fees." *Alief Indep. Sch. Dist. V. C.C. ex rel. Kenneth C.*, 713 F.3d 268, 270 (5th Cir. 2013). The Fifth Circuit set forth a two-part inquiry for determining whether a parent may be considered a prevailing party, stating that the remedy obtained must both (1) alter the legal relationship between the school district and the handicapped child and (2) foster the purposes of the IDEA. *Id.* It elaborated that "[w]hile a party does not need to prevail on every issue to become a prevailing party, she must prevail on some significant issue in litigation which achieves some of the benefits the parties sought in bringing suit." *Id*. (Internal citations omitted). Furthermore, the Fifth Circuit requires that the litigant "attain some judicial imprimatur on a material alteration of the legal relationship in order to be a prevailing party." *El Paso Indep. Sch. Dist. V. Richard R.*, 591 F.3d 417, 422 (5th Cir. 2009).

Plaintiffs argue that they are entitled to attorneys' fees because the ALJ's January 23 order that S.M. continue to attend Slidell High School while awaiting administrative adjudication confers prevailing party status on S.M.'s parents. Rec. Doc. 19-1. Defendant counters that plaintiffs are not a prevailing party because the January 23 order enforcing IDEA's stay-put provision was not a decision on the merits, and therefore "insufficient legally to entitle the parents to prevailing party status in the IDEA context." Rec. Doc. 7-1 at 12.

Defendant also asserts that the March 17 agreement reached between the parties on likewise does not confer prevailing party status on plaintiffs, since it was reached privately and

not mandated or overseen by the ALJ. *Id*. However, plaintiffs have not claimed that they are the prevailing party due to the relief obtained through the March 17 agreement. Rec. Doc. 1 at 6. Accordingly, the Court finds that this issue is not in dispute, and focuses its inquiry on whether the ALJ's January 23 order entitles plaintiffs to prevailing party status.

Neither party cites to controlling authority on whether relief granted under the stay-put provision entitles parents to prevailing party status, and the Court has not identified any Fifth Circuit precedent directly on point. However, the Fifth Circuit's decisions on when preliminary injunctions may confer prevailing party status under 42 U.S.C. §1988 provide guidance.[2] In *Dearmore v. City of Garland*, the Fifth Circuit notes that other circuit courts have "announced fact-specific standards that are anything but uniform," but that "several circuits have determined that a preliminary injunction that merely preserves the status quo temporarily will not confer prevailing party status." 519 F.3d 517, 521-22 (5th Cir. 2008) (internal quotations and citations omitted). Nevertheless, the Fifth Circuit "has not yet created or endorsed a particular test," and has instead held that a "plaintiff who obtains a preliminary injunction is not a prevailing party if he fails to qualify under any of the other circuits' tests." *Id*. In *Dearmore*, though the Fifth Circuit did not endorse a particular test, it affirmed the district court's awarding of attorneys' fees because plaintiff showed that he qualified as a prevailing party under the tests of several other circuit courts. *Id*.

Accordingly, the Court asks whether plaintiffs could be granted prevailing party status under any of the tests devised by other circuit courts. The Ninth Circuit has held that a "plaintiff is entitled to attorney's fees if he obtained a preliminary injunction and the case was subsequently mooted." *Id*. (citing *Watson v. County of Riverside*, 300 F.3d 1092, 1096 (9th Cir.

---

[2] The Fifth Circuit has held that a "prevailing party" under the fee shifting provision of IDEA (previously the Handicapped Children's Protection Act) has the same meaning as similar terms in other federal legislation, including under 42 U.S.C. §1988. *Angela L. v. Pasadena Indep. Sch. Dist.*, 918 F.2d 1188, 1193 (5th Cir. 1990).

2002)). The Court finds that plaintiffs satisfy this test. It is undisputed that plaintiffs obtained a preliminary injunction in its favor requiring S.M. to be allowed to attend Slidell High School. Furthermore, the case was subsequently mooted because defendant agreed to allow S.M. to remain at Slidell High School and also agreed to reimburse plaintiff and provide tutoring and the option of taking a summer course at no cost to compensate for the educational time lost. Rec. Doc. 7-5 at 30. Therefore, plaintiffs satisfy the Ninth Circuit's test.

Under the D.C. Circuit's test, a "plaintiff who was granted a preliminary injunction qualified as a prevailing party where the plaintiff obtained substantial relief and the defendant declined to appeal the injunction." *Planned Parenthood of Houston & Se. Texas v. Sanchez*, 480 F.3d 734, 741 (5th Cir. 2007) (citing *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 947-950 (D.C. Cir. 2005). Plaintiffs' request for hearing makes clear that the immediate return of S.M. to his in-school placement was their central goal. The request asks that the ALJ "institute 'Stay Put,' allowing [S.M.] to return to Slidell High School immediately," and also separately lists the immediate return of S.M. to his placement at Slidell High School as the first item of relief sought through the ALJ's order. Rec. Doc. 18-2 at 23. Plaintiffs also filed a motion to expedite consideration of their request for relief, further underscoring that plaintiffs sought *immediate* in-school placement. Rec. Doc. 7-5 at 14. Thus, the Court finds that the ALJ's January 23 order conferred "substantial relief." In addition, the defendant declined to appeal the injunction. Indeed, the D.C. Circuit elaborates that when a defendant changes its conduct as a result of a preliminary injunction and subsequently elects to moot a case after the granting the injunction, then the plaintiff is entitled to prevailing party status. *Select Milk Producers, Inc.*, 400 F.3d at 949. Thus, the Court finds that plaintiffs also satisfy the D.C. Circuit's test for prevailing party status. Accordingly, because under the current Fifth Circuit jurisprudence, a party is only

7

barred from obtaining prevailing party status on interim relief if "he fails to qualify under any of the other circuits' test," the Court finds that by meeting the tests of the Ninth Circuit and D.C. Circuit, the plaintiffs may be deemed a prevailing party.

In addition, other considerations acknowledged by the Fifth Circuit weigh in plaintiffs' favor. For instance, the Fifth Circuit has noted other circuits' holdings that interim relief that merely preserves the status quo may not confer prevailing party status. *See, e.g.*, *Yousuf v. Motiva Enterprises LLC*, 246 Fed.Appx. 891, 892 (5th Cir. 2007) . The ALJ's order that S.M. be placed at Slidell High School pursuant to the stay-put provision was not merely maintenance of the status quo, but rather an adjudication of a live dispute between the parties. As the emails between plaintiffs' counsel and defendant show, defendant had already removed S.M. from school when plaintiffs submitted the request for a due process hearing. Defendant argued that the stay-put provision requires that S.M. receive schooling at home. Rec. Doc. 18-2 at 13. Since S.M. was receiving in-home school when the ALJ ordered that he be returned to school, the ALJ's enforcement of the stay-put provision upended, rather than maintained the status quo.

Specific to the IDEA, the Fifth Circuit requires that the relief (1) alter the legal relationship between the school district and the handicapped child and (2) foster the purposes of the IDEA to warrant the shifting of attorneys' fees. *Alief Indep. Sch. Dist. V. C.C. ex rel. Kenneth C.*, 713 F.3d 268, 270 (5th Cir. 2013). The Court finds that by ruling against defendant and forcing defendant to change its behavior by requiring that it take S.M. out of the homebound program and return him to school, the ALJ's order altered the legal relationship between plaintiffs and defendant. *See Douglas v. D.C.*, --- F.Supp.2d ---, 2014 WL 4359192, *3 (D.D.C. Sept. 4, 2014) ("Mr. Douglas was reenrolled at Dunbar and the District was halted from transferring him to another program, unquestionably altering the parties' legal relationship.") In

addition, the ALJ's intervention and enforcement of the stay-put provision undoubtedly fostered the purposes of the IDEA. The United States Supreme Court has previously found that in including the stay-put provision, Congress "very much meant to strip schools of the *unilateral* authority they had traditionally employed to exclude disabled students, particularly emotionally disturbed students, from school." *Honig v. Doe*, 484 U.S. 305, 324 (1988). Thus, the Fifth Circuit's test under *Alief* is met.

Furthermore, the Fifth Circuit in *Alief* required that a plaintiff "must prevail on some significant issue in litigation which achieves some of the benefits the parties sought in bringing suit" to be a prevailing party under the IDEA. 713 F.3d at 270. As discussed above, plaintiffs' due process hearing request and motion for expedited hearing make clear that the immediate return of S.M. to in-school placement was the central reason for pursuing administrative relief. Furthermore, defendant filed a motion to strike and a motion for extension of time to prevent immediate placement in Slidell High School requested by plaintiffs. Rec. Doc. 18-4. Other courts have held that when a defendant actively litigates against stay-put protection, that plaintiffs are entitled to attorneys' fees. *See, e.g.*, *Dep't of Educ. Hawai"i v. C.B. ex rel. Donna B.*, Civ. A. 11-576, 2012 WL 7475406, *5 (D. Haw. Sept. 28, 2012) ("The DOE cannot have it both ways. The DOE chose to dispute C.B.'s entitlement to stay-put protection on the merits; it cannot now argue that attorneys' fees should be denied because there was an automatic preservation of the status quo.") Thus, by securing immediate placement at Slidell High School through the ALJ's order, plaintiffs prevailed on a "significant issue" that was at the heart of the benefit sought when they requested the due process hearing.

Defendant argues that plaintiffs are not entitled to attorneys' fees because the ALJ's January 23 order did not grant relief on the merits. Rec. Doc. 22 at 6. While it is true that the

granting of an automatic injunction may be found insufficient to grant prevailing party status, numerous courts have held that where, as here, a judge was called upon to determine a student's stay-put, that the judge had granted relief on the merits. This is because when the appropriate placement is in dispute, the correct relief under the stay-put provision is anything but automatic. For instance, in *Dep't of Educ. Hawai'i*, mentioned above, the district court found that the determination in the parents' favor that the student's placement at private school was his "current educational placement for stay-put purposes" made the parents the prevailing party. 2012 W.L. at *4-5. In *K.R. ex rel. M.R. v. Board of Educ. Of Brentwood Union*, the court found that the hearing officer's determination that the pendency placement urged by the parents was the correct one for stay-put purposes and order that the student be allowed to return to school was a "substantive determination" that reached the merits of the claim. 66 F.Supp.2d 444 (E.D.N.Y. 1999). In particular, the court pointed to the fact that the plaintiffs' petitions sought stay-put relief. *Id*. Like the plaintiffs in that case, here the plaintiffs specifically sought stay-put relief in their administrative hearing request. Moreover, the ALJ stated that her decision determined the correct placement for S.M. during the pendency of the hearing, writing, "If the parties cannot agree on the current educational placement, the hearing officer has the authority to determine the proper stay-put placement of eligible students." Rec. Doc. 7-5 at 16. Thus, the Court finds that given the facts of this case, where the appropriate placement for stay-put purposes was disputed by the parties, the ALJ's decision to allow S.M. to return to school constituted a determination of the merits.

Finally, the Court notes that district courts across many jurisdictions have found parents who successfully invoked the stay-put provision of IDEA to be entitled to prevailing party status—particularly when, as in this case, the school district disputed the appropriate placement

under the stay-put provision. *See, e.g.*, *K.R. ex rel. M.R.*, 66 F.Supp.2d at 450 (E.D.N.Y. 1999) ("The SED's decision that the 12:1:1 placement, and not the 6:1:1 placement, was the appropriate pendency placement for M.R. was a substantive determination based on assessment of the merits of the K.R.'s claim that her rights under the IDEA had been violated.") (internal quotations omitted); *Douglas*, --- F.Supp.2d at ----, 2014 WL at *3 (court's issuance of a stay-put order mandating student's enrollment at school granted plaintiff prevailing party status); *Termine ex rel. Termine v. William S. Hart Union High Sch. Dist.*, 288 Fed. Appx. 360, 362 (9th Cir. 2008) (affirming district court's awarding of attorneys' fees to parents who brought action to maintain child in then-current non-public school placement pending outcome of due process hearing); *Laster v. D.C.*, Civ. A. 05-1875, 2006 WL 2085394 (D.D.C. July 25, 2006) (Plaintiff is a prevailing party because "[a]lthough the defendants argue that the court has not yet ruled on the merits of the complaint, the plaintiffs' motion for a stay put injunction is premised on the same allegations contained in the complaint" and "their complaint specifically requests stay put relief."); *C.B. ex rel. Donna B.*, 2012 WL at *5; *Bayonne Bd. of Educ. v. R.S. by K.S.*, 954 F. Supp. 933, 944 (D.N.J. 1997) ("reasonable attorney fees, limited to those incurred in obtaining the "stay put" protection, are appropriate"); *Student X v. New York City Dep't of Educ.*, Civ. A. 07-2316, 2008 WL 4890440, *27 (E.D.N.Y. Oct. 30, 2008) ("Plaintiff did not seek merely to maintain the status quo, but litigated a substantive dispute over which placement applied [during the pendency of the lawsuit]. Therefore, the court declares Plaintiff the prevailing party. . ."); *Burke By & Through Burke v. Keenum*, Civ.A. 288-067, 1989 WL 14681, *3 (S.D. Ga. Feb. 21, 1989) (awarding attorneys' fees to plaintiffs who prevailed on seeking interim placement in a residential home pursuant to the stay-put provision).

Therefore, the Court finds that plaintiffs are entitled to attorneys' fees for the services performed on S.M.'s behalf in obtaining stay-put protection.

### b. *Determination of attorneys' fees*

Plaintiffs have also filed a Motion for Award of Attorney's Fees, claiming that they are owed a total of $48,073 for legal services rendered on behalf of S.M. at the administrative level and for time spent in attempting to collect attorneys' fees. Rec. Doc. 20. Having decided that plaintiffs are entitled to attorneys' fees for services rendered to obtain stay-put protection for S.M., the Court hereby refers this matter to the magistrate judge for a determination of the specific amount of fees owed to plaintiffs.

Accordingly, IT IS ORDERED that:

1) Defendant's Motion for Summary Judgment is DENIED WITH PREJUDICE (Rec. Doc. 7);
2) Plaintiffs' Cross Motion for Summary Judgment is GRANTED (Rec. Doc. 19);
3) Plaintiffs' Motion for Award of Attorney's Fees is referred to the Magistrate Judge (Rec. Doc. 20).

New Orleans, Louisiana, this 9th day of March, 2015.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE