UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| S.M. BY AND THROUGH HIS PARENTS AND<br>NEXT FRIENDS, TINA M., AND SHANNON M. | CIVIL ACTION |
| VERSUS | NO. 14-903 |
| ST. TAMMANY PARISH PUBLIC SCHOOLS | SECTION "C" (2) |

**FINDINGS AND RECOMMENDATION**

This is an action under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(i)(3) ("IDEA" or the "Act"), to obtain an award of attorneys' fees. The presiding district judge's Order and Reasons entered on March 9, 2015, concluded, among other things, that "the Court finds that by meeting the tests of the Ninth Circuit and D.C. Circuit, the plaintiffs may be deemed a prevailing party. . . [and] that plaintiffs are entitled to attorneys' fees for the services performed on S.M.'s behalf in obtaining stay-put protection." Record Doc. No. 27 at pp. 8, 12. In that same order, Judge Berrigan referred Plaintiffs' Motion for Award of Attorney's Fees, Record Doc. No. 20, to me. Record Doc. No. 27 at p. 12.

Plaintiffs' motion is supported by the sworn declarations of their three lawyers, with attached billing statements describing their time and work; an opinion of the United States District Court for the Middle District of Louisiana in a similar case; and the sworn declaration of Loyola University law professor William P. Quigley. Record Doc. Nos.

20-3 – 20-9. Defendant, the St. Tammany Parish School Board ("the Board"), filed a timely opposition memorandum supported by various exhibits. Record Doc. No. 24.

Having reviewed the written submissions of the parties, the record and the applicable law, I find and recommend that, while an award should be made, plaintiffs' requested fee should be reduced.

I.  FACTUAL AND PROCEDURAL BACKGROUND

The applicable factual and procedural background of the case has been set out in the district judge's Order and Reasons, Record Doc. No. 27 at pp. 2-4, and will not be repeated here. Much of the argument in the submissions of both sides is devoted to whether plaintiffs may be characterized in the first instance as prevailing parties who should recover attorneys' fees under the Act. Obviously, the presiding district judge has already decided that issue and determined that plaintiffs, as prevailing parties, are legally entitled to recover attorneys' fees. Therefore, these findings and recommendation are limited to the amount of recoverable attorneys' fees only.

As to recoverable amount, plaintiffs argue that the calculation is governed exclusively by a lodestar evaluation involving multiplication of the reasonable number of hours expended by the reasonable hourly rates of the attorneys. They seek attorneys' fees compensation in the total amount of $48,073.00.

In summary, defendant argues that the requested fees should be reduced because plaintiffs' degree of success at the administrative level was "small as compared to the

2

multitude of issues they alleged," plaintiffs employed "multiple attorneys who provided duplicative and redundant" work, the requested hourly rates are excessive and should not exceed the lower rates charged by the Board's own counsel, and the work descriptions lack sufficient specificity to determine their reasonableness. Record Doc. No. 24 at pp. 14, 16-19. For the following reasons, I find that some of defendant's objections are well founded and that the amount of awardable fees should be reduced from the amount sought.

II. STANDARDS FOR AN AWARD OF ATTORNEYS' FEES

As a general matter, the lodestar method is routinely used to determine attorneys' fee awards in federal civil actions and applies in this case brought under a federal statute. Under the lodestar method,

> [t]he determination of a fees award is a two-step process. First the court calculates the "lodestar[,]" which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)[, abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)].

Jimenez v. Wood Cnty., 621 F.3d 372, 379-80 (5th Cir. 2010) (citations omitted).

"The lodestar may not be adjusted due to a Johnson factor, however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting." Heidtman v. Cnty. of El Paso, 171 F.3d 1038, 1043

3

(5th Cir. 1999) (citing City of Burlington v. Dague, 505 U.S. 557, 562 (1992); Shipes v. Trinity Indus., 987 F.2d 311, 319-20 (5th Cir. 1993)); accord Perdue v. Kenny A., 130 S. Ct. 1662, 1669 (2010).

> The Johnson factors are:
>
> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.

Johnson, 488 F.2d at 717-19.

"[O]f the Johnson factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998) (citation omitted). Three of the Johnson factors, complexity of the issues, results obtained and preclusion of other employment, are presumably fully reflected and subsumed in the lodestar amount. Heidtman, 171 F.3d at 1043 (quoting Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986); Shipes, 987 F.2d at 319-22 & n.9). After Johnson was decided, the "Supreme Court has barred any use of the sixth factor," whether the fee is fixed or contingent. The Johnson factors are taken into account after the court has determined the lodestar amount. Walker

4

v. U.S. Dep't of Housing & Urban Dev., 99 F.3d 761, 772 (5th Cir. 1996) (citing City of Burlington, 505 U.S. at 567).

The lodestar "is presumptively reasonable and should be modified only in exceptional cases." Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993) (citing City of Burlington, 505 U.S. at 562); accord Perdue, 130 S. Ct. at 1669, 1673; Smith & Fuller, P.A. v. Cooper Tire & Rubber Co., 685 F.3d 486, 490 (5th Cir. 2012); Jimenez, 621 F.3d at 380. Although the party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorneys' qualifications and skill, the party seeking reduction of the lodestar bears the burden of showing that a reduction is warranted. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Wegner v. Std. Ins. Co., 129 F.3d 814, 822 (5th Cir. 1997); La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 329 (5th Cir. 1995) (hereinafter "LP&L").

"Moreover, the court need not explicitly calculate the lodestar to make a reasonable award." No Barriers, Inc. v. Brinker Chili's Tex., Inc., 262 F.3d 496, 500-01 (5th Cir. 2001) (citing Von Clark v. Butler, 916 F.2d 255, 259 (5th Cir. 1990); Wegner, 129 F.3d at 822-23).

> The fee applicant . . . must, of course, submit appropriate documentation to meet the burden of establishing entitlement to an award. But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

5

Fox v. Vice, 131 S. Ct. 2205, 2216 (2011). "If the district court has articulated and clearly applied the correct criteria, [the appeals court] will not require the trial court's findings to be so excruciatingly explicit in this area of minutiae that decisions of fee awards consume more paper than did the cases from which they arose." In re High Sulfur Content Gas. Prods. Liab. Litig., 517 F.3d 220, 228-29 (5th Cir. 2008) (quotations and citations omitted).

With specific application to this case, however, the Act expressly imposes additional requirements beyond the general lodestar approach that must be considered. "[F]inding that a party is a prevailing party only makes him eligible to receive attorneys' fees under the IDEA; it does not automatically entitle him to recover the full amount that he spent on legal representation." Gary G. v. El Paso Indep. Sch. Dist., 632 F.3d 201, 208 (5th Cir. 2011) (quoting Jason D. W. ex rel. Douglas W. v. Houston Indep. Sch. Dist., 158 F.3d 205, 209 (5th Cir. 1998)). "Fees awarded . . . shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). "Attorneys' fees may not be awarded relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action . . . ." Id. § 1415(i)(3)(D)(ii).

> [W]henever the court finds that– . . . (ii) the amount of the attorneys' fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience; [or] (iii) the time spent and legal services furnished were excessive considering the nature of the action

6

or proceeding; . . . the court shall reduce, accordingly, the amount of the attorneys' fees awarded under this section.

Id. § 1415(i)(3)(F).

The "degree of success" rule applies to attorneys' fee awards under the IDEA. Jason D. W., 158 F.3d at 210. Thus, a court is warranted in reducing the requested award when plaintiffs "achieved limited success" or were "not entirely successful," as when they prevailed on some of the claims they asserted and lost on others. Id.

III. ANALYSIS

Plaintiffs have summarized the requested number of hours and billing rates sought, as reflected in the evidence, as follows:

| Name | Hours | Requested Rate | Total |
|---|---|---|---|
| Debra J. Weinberg | 90.1 | $250 | $ 22,525.00 |
| Sarah H. Voight | 38.5 | $300 | $ 11,550.00 |
| Ronald K. Lospennato | 42.1 | $350 | $ 13,998.00 |
| | | | |
| Total | 170.7 | | $ 48,073.00 |

(As discussed more fully below, plaintiffs voluntarily reduced by five percent the fees they request for Lospennato's work, from $14,735.00 [42.1 hours multiplied by $350 per hour rate] to $13,998.00.)

As to rates, an attorney's requested hourly rate is prima facie reasonable when he requests that the lodestar be computed at his customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested. LP&L, 50 F.3d at 329. In this instance, defendant has contested the requested hourly rates.

7

"The relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." Tollett v. City of Kemah, 285 F.3d 357, 368 (5th Cir. 2002) (quotation and citations omitted); accord McClain v. Lufkin Indus., Inc., 649 F.3d 374, 381 (5th Cir. 2011); Thompson v. Connick, 553 F.3d 836, 867-68 (5th Cir. 2008), rev'd on other grounds, 131 S. Ct. 1350 (2011); see 20 U.S.C. § 1415(i)(3)(F)(ii) ("whenever the court finds that – . . . the amount of the attorneys' fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience; . . . the court shall reduce, accordingly, the amount of the attorneys' fees awarded under this section.").

As an initial matter, I cannot accept defendant's argument that the fee award to plaintiffs should be limited to the hourly rate of $150.00 per hour charged by defense counsel to the defendant school board. The hourly rate charged by a single law firm is not reflective of the applicable standard of prevailing market rates in the relevant community. The facts proffered by defense counsel (a) that their firm charged a flat rate of $150.00 per hour for all lawyers who worked on the case, without regard to the ten-year variation in their individual experience levels, Record Doc. Nos. 24 at p. 18 and 24-7, and (b) that the firm dominates (almost monopolizes) a narrow market by its representation of "approximately 63 school systems in Louisiana, which is over 90 percent of the parish and city school boards," Record Doc. No. 24 at p. 17, are indicative

of a highly restrictive billing regime employed by defense counsel and these particular clients within a narrow attorney-client relationship, without reference to the local market as a whole. I find that the rate of $150 per hour charged to defendant is artificially low, applies to a more restrictive than relevant market and should not be employed as a reasonable rate for attorneys who, by necessity, work in a broader practice with a broader clientele of individuals.

I further find that the requested hourly rates of $300 for plaintiffs' attorney Voigt, who has 27 years of experience, and $350 for Lospennato, who has 36 years of experience, while at the high end of the range of prevailing market rates for lawyers with comparable experience in this district's legal market, are nevertheless reasonable and awardable at that level. On the other hand, the requested hourly rate of $250 per hour for plaintiffs' attorney Weinberg, who has less than six years of bar-licensed experience in practice, is excessive and should be reduced to $225 per hour. See Thompson, 553 F.3d at 868 (approving hourly rates ranging from $202 to $312 for attorneys with various experience levels as "at the upper range of what was reasonable in the" Eastern District of Louisiana from 2003 to 2007); Cacho v. Gusman, No. 11-225-SS, 2014 WL 4854737, at *6 (E.D. La. Sept. 29, 2014) (awarding $185 per hour for attorney with 11 years of experience and $150 per hour for attorneys who had practiced for 3 to 5 years); Offshore Marine Contractors, Inc. v. Palm Energy Offshore, LLC, No. 10-4151, 2014 WL 5039670, at *8 (E.D. La. Sept. 25, 2014) (approving hourly rates of $325, $275 and $225

for attorneys with 19, 7 and 4 years of experience, respectively); Guity v. Lawson Envtl. Serv., LLC, No. 11-2506, 2014 WL 4723295, at *6-8 (E.D. La. Sept. 23, 2014) (finding reasonable hourly rates of $150 to $175 for associates and $250 to $290 for partners); Cedotal v. Whitney Nat'l Bank, No. 94-01397, 2010 WL 5582989, at *13 (E.D. La. Nov. 10, 2010), report & recommendation adopted as modified,[1] 2011 WL 127157 (E.D. La. Jan. 14, 2011) (awarding rates of $315 for senior partners, $250 for junior partners and $150 for associates based on reasonable rate awards in this district); Ranger Steel Servs., LP v. Orleans Mat'ls & Equip., Co., No. 10-112, 2010 WL 3488236, at *1, *3 (E.D. La. Aug. 27, 2010) (rejecting hourly rates of $445 to $475 charged by partner and of $315 to $340 charged by associate in Houston law firm in breach of contract case; awarding the rates charged by New Orleans co-counsel of $360 in 2009 and $395 in 2010 for highly experienced partner's work); Hebert v. Rodriguez, No. 08-5240, 2010 WL 2360718, at *2 (E.D. La. June 8, 2010), aff'd, 430 F. App'x 253 (5th Cir. 2011) (rejecting requested rate of $350 and awarding $300 per hour to "a seasoned civil rights attorney with over 33 years of experience"); Johnson v. Big Lots Stores, Inc., 639 F. Supp. 2d 696, 701-02 (E.D. La. 2009) (awarding hourly rates of $300 for partners, $225 for associates and $75 for paralegals).

---

[1]The magistrate judge's report and recommendation was modified slightly to adjust the hours, but not the hourly rates.

Next, I must determine the reasonable number of hours that plaintiffs' counsel expended on the litigation. As noted in the above chart, plaintiffs' evidence indicates that they seek reimbursement for 170.7 attorney hours spent on this case.

Initially, I cannot accept defendant's argument that the number of hours reflected in plaintiffs' evidence should be reduced because they "seek fees for clerical activities." Record Doc. No. 24 ap p. 16 at n. 69. I have reviewed the italicized descriptions alleged by defendant to constitute "clerical activities" on Exhibit "F" to its opposition memorandum, Record Doc. No. 24-6, and find that the entries are either part and parcel of a lawyer's drafting, evaluation, client communication or submission work or so intertwined with such work as to be compensable in this context. Similarly, I cannot accept defendant's argument that "equity requires a significant reduction of the fee request." Record Doc. No. 24 at p. 20. Equity is neither a Johnson factor, a component of the lodestar analysis nor a basis for fee reduction provided in the Act.

On the other hand, defendant correctly points out that the requested time includes three hours and fifteen minutes ("3:15:") billed by attorney Weinberg on January 6, 2014, for participation in IEP ("individualized education program") activities. The Act specifically precludes an award of attorneys' fees for such activities. 20 U.S.C. § 1415(i)(3)(D)(ii). Thus, Weinberg's time is reduced by 3.25 hours from the requested 90.1 hours to 86.85 hours.

11

I also agree with defendant's argument that some reduction should be made for duplicative and redundant work by multiple counsel for plaintiffs and for vagueness in the descriptions of legal work for which compensation is sought, including in the form of block billing. As a general proposition, all time that is excessive, duplicative or inadequately documented should be excluded. Watkins, 7 F.3d at 457. "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized." Abrams v. Baylor Coll. of Med., 805 F.2d 528, 535 (5th Cir. 1986) (quotation omitted); accord Phila. Indem. Ins. Co. v. SSR Hospitality, Inc., 459 F. App'x 308, 317 (5th Cir. 2012); Riley v. City of Jackson, 99 F.3d 757, 760 (5th Cir. 1996). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. Green v. Admin'rs of Tulane Educ. Fund, 284 F.3d 642, 662 (5th Cir. 2002), abrogated in part on other grounds by Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 63-64 (2006); accord Hensley, 461 U.S. at 433-34. The fee seeker's attorneys are "charged with the burden of showing the reasonableness of the hours they bill and, accordingly, are charged with proving that they exercised billing judgment." Walker, 99 F.3d at 770.

Plaintiff's counsel states in her sworn declaration that she "eliminated some time entries in their entirety . . . and reduced other time entries (that involved supervisory or clerical tasks)" and that "[i]n the exercise of billing judgment" she "also reduced the fee request for Attorney Lospennato's time by an additional 5%." Record Doc. No. 20-1 at

p. 6 (not reducing the number of hours billed by Lospennato, but deducting 5% from the total fees requested for his work); Record Doc. No. 20-3 at p. 3, ¶¶ 7(A) and (B). These reductions appear close to – but somewhat lower than – the percentage reductions "intended to substitute for the exercise of billing judgment" imposed in court decisions. See Walker, 99 F.3d at 770 (reducing fee award by 15% for lack of billing judgment) (citing Leroy v. City of Houston, 831 F.2d 576, 586 (5th Cir. 1987) (reducing award by 13%)); see also Saizan v. Delta Concrete Prods. Co., 448 F.3d 795, 800 (5th Cir. 2006) (10% reduction for vagueness, duplicative work and lack of billing judgment); Hopwood v. Texas, 236 F.3d 256, 279 (5th Cir. 2000) (25% reduction based on inadequate time entries, duplicative work product and lack of billing judgment); Coulter v. State of Tenn., 805 F.2d 146, 151 (6th Cir. 1986) (50% reduction for duplication of effort); Preston Expl. Co., LP v. GSP, LLC, No. H-08-3341, 2013 WL 3229678, at *9 (S.D. Tex. June 25, 2013) (reducing hours by 20%, but noting that "[c]ourts have reduced fees up to 50% for billing judgment in light of factors such as nature and extent of the work involved, the issues involved, and the complexity of the work;") (citing Saizan, 448 F.3d at 800; LP&L, 50 F.3d at 336; Peak Tech. Servs., Inc. v. Land & Sea Eng'g, LLC, No. H-10-1568, 2012 WL 3234203, at *8 (S.D. Tex. Aug. 6, 2012) (50% reduction); Devices, Inc. v. Sr. Operations, Inc., No. 3-08-CV-1264-BD, 2009 WL 5171746, at *1 (N.D. Tex. Dec. 29, 2009) (20% reduction)); Yelton v. PHI Inc., No. 09-3144, 2012 WL 3441826, at *8 (E.D. La. Aug. 14, 2012) (50% reduction); Harkless v. Brunner, No. 1:06 CV 2284, 2011

WL 2149138, at *2 (N.D. Ohio May 31, 2011) (50% reduction); Neles-Jamesbury, Inc. v. Bill's Valves, 974 F. Supp. 979, 988 & n.22 (S.D. Tex. 1997) (same).

Defendant argues that duplication of effort and redundancy of attorney work, together with vagueness caused by block billing, are reflected in plaintiffs' statements as detailed in Record Doc. No. 24 at p. 16 nn. 69 and 71.  While I do not agree that all such instances noted by defendant in its critique of plaintiffs' counsel's fee statements are excessive and/or unduly vague, I do agree that some percentage reduction beyond that voluntarily undertaken by plaintiffs' counsel is merited on these grounds.

Finally, degree of success is one of several factors included in both the Act and case law applying it and in the Johnson factors, which the court considers in its "'measured exercise of discretion'" when determining an attorneys' fees award.  Roussell v. Brinker Int'l, 441 F. App'x 222, 234 (5th Cir. 2011) (quoting Farrar v. Hobby, 506 U.S. 103, 114 (1992)).  While the presiding district judge has determined that plaintiffs were the prevailing parties, I conclude that their victory must be characterized only as a limited success.  On one hand, plaintiffs successfully obtained an order from the administrative law judge "that during the pendency of the due process proceeding [which never occurred in light of the parties' subsequent mediated settlement], St. Tammany Parish Public Schools shall maintain S.M.'s educational placement as provided in the IEP."  Record Doc. No. 7-5 at p. 17.  On the other hand, the same administrative law

judge also dismissed for lack of jurisdiction plaintiffs' other claims and requests for relief.  Record Doc. Do. 7-5 at pp. 17, 20.

Considering the totality of the circumstances outlined above, after the unrecoverable three hours and fifteen minutes of time noted above are deducted as mandated by the Act, I find and recommend that a further 50 percent (50%) reduction in the claimed hours is warranted in this case.  See B.R. ex rel. Rempson v. Dist. of Columbia, 802 F. Supp. 2d 153, 165 (D.D.C. 2011) (50% reduction in case under the Act warranted when plaintiff prevailed on only one of two claims); Dickens v. Friendship-Edison P.C.S., 724 F. Supp. 2d 113, 122 (D.D.C. 2010) (fees reduced by 50% in case under the Act when plaintiffs obtained limited success as to only one claim); C. v. Me. Sch. Admin. Dist. No. 6, 582 F. Supp. 2d 65, 68 (D. Me. 2008) (50% reduction to fee award under the Act when plaintiffs prevailed on one claim and suffered complete loss on second claim); Neles-Jamesbury, Inc., 974 F. Supp. at 988 & n.22 (50% reduction in hours based on duplication of effort by multiple attorneys).

After eliminating the other Johnson factors that are subsumed in the lodestar or prohibited from consideration, only four factors remain:  the customary fee, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases.  The customary fee appears to be the fee reflected in the billing statements, which has already been evaluated and accepted in part and rejected in part above in establishing reasonable hourly rates.  The nature and length of the

professional relationship between plaintiffs and their attorneys is unknown, but it is of minimal importance in this overall context. The case was not undesirable, if properly staffed. Awards in similar cases have already been taken into account above in establishing the hourly rates.

Applying the foregoing standards, I find that the following hourly rates and numbers of hours are reasonable and within the range of prevailing market rates for attorneys of comparable skill and experience in this district's legal market:

| Name | Hours | Requested Rate | Total |
|---|---|---|---|
| Debra J. Weinberg | 86.85 ÷ 2 = 43.425 | $225 | $ 9,770.63 |
| Sarah H. Voight | 38.5 ÷ 2 = 19.25 | $300 | $ 5,775.00 |
| Ronald K. Lospennato | 42.1 ÷ 2 = 21.05<br>- 5% voluntary billing judgment reduction = 20 | $350 | $ 7,000.00 |
| Total | | | $ 22,545.63 |

Accordingly, I find that attorneys' fees in the amount of $22,545.63 are reasonable and awardable.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that defendant, the St. Tammany Parish School Board, be ordered to pay to plaintiffs, S.M., by and through his parents and next friends, Tina M. and Shannon M., $22,545.63 in reasonable attorneys' fees, all as reflected above.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this   3rd   day of June, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.