UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

S.M. BY AND THROUGH HIS PARENTS AND     CIVIL ACTION
NEXT FRIENDS, TINA M., AND SHANNON M.

VERSUS     NO. 14-903

ST. TAMMANY PARISH PUBLIC SCHOOLS     SECTION "I" (2)

# O R D E R

Before the Court is plaintiffs' motion for an award of attorneys' fees, as well as the Findings and Recommendation of the United States Magistrate Judge and the objections thereto by both plaintiffs and defendant. *See* Rec. Docs. 20, 31, 35, & 36. The Magistrate Judge in this case has recommended that the Court partially grant and partially deny plaintiffs' motion, granting plaintiffs attorneys' fees of $22,545.63, instead of the $48,073.00 sought in plaintiffs' motion. *Compare* Rec. Doc. 31, *with* Rec. Doc. 20.

Defendant objects to the Magistrate Judge's Findings and Recommendation on the grounds that the recommended fee rates are excessive and that the award includes hours billed by plaintiffs' attorneys for services other than obtaining "stay-put protection for S.M." *See* Rec. Doc. 35. Plaintiffs object to the Magistrate Judge's Findings and Recommendation on the grounds that the Magistrate Judge inappropriately reduced the fee rate of one of plaintiffs' attorneys and erred in reducing fees by 50% upon a finding of block and excessive billing by plaintiffs' attorneys. *See* Rec. Doc. 36-2.

Upon a *de novo* review[1] of plaintiffs' motion, the record, applicable law, the Report and Recommendation of the United States Magistrate Judge, and plaintiffs' and defendant's objections to the Magistrate Judge's Findings and Recommendation, the Court hereby approves the Findings and Recommendation of the United States Magistrate Judge. With one exception, the Court concludes that the findings and reasoning in the Magistrate Judge's Findings and Recommendation adequately address the objections of the parties and therefore adopts it as the Court's opinion in this matter.

The only objection that the Court finds necessary to address separately is defendant's contention that plaintiffs may not seek recovery of reasonable fees incurred collecting attorneys' fees. *See* Rec. Doc. 35 at 2 (citing *In re ASARCO, L.L.C. v. Jordan Hyden Womble Culbreath & Holzer, P.C.*, 751 F.3d 291, 301 (5th Cir. 2014)). While the Magistrate Judge did not directly address this argument, the Court finds it to be without merit. The Fifth Circuit in *In re ASARCO* concluded that debtor's counsel in a bankruptcy proceeding could not collect fees from the bankruptcy estate that were incurred defending counsel's initial fee

---

[1] In an abundance of caution, the Court has conducted a *de novo* review, acknowledging that there is some ambiguity as to whether the amount of attorneys' fees and costs awarded is a dispositive or nondispositive issue. *See Int'l Marine, LLC v. FDT, LLC*, Civ. A. No. 10-044, 2015 WL 914898 at *2 (E.D.La. Mar. 3, 2015) (Fallon, J.) (conducting *de novo* review noting "[c]ourts have struggled with the appropriate standard"); *see also Innovation Toys, LLC v. MGA Entertrainment*, Civ. A. No. 07-6510, 2014 WL 1276346 at *1 (E.D.La. Mar. 27, 2014) (Morgan, J.) (concluding *de novo* is the appropriate standard).

application for representing the debtor. *See* 751 F.3d at 299—301. The Fifth Circuit's holding in that case is apparently limited to attorneys' fee disputes in the context of bankruptcy matters. *See id.* at 300—301 (deciding attorneys' fee issue by reference to bankruptcy statutes and secondary sources on bankruptcy law). Defendant does not cite, nor can the Court locate, any case law indicating that bankruptcy law on attorneys' fees appropriately applies to cases arising under the Individuals with Disabilities Education Act ("IDEA").

While the Court is unaware of any cases directly addressing this issue in the context of the IDEA, there is ample support to conclude that an attorneys' fee award pursuant to the IDEA may include an award for fees incurred litigating a fee petition. As an initial matter, the IDEA contains express guidance regarding attorneys' fees and explicitly prohibits the award of attorneys' fees for certain types of legal services, but does not explicitly prohibit awards for time spent pursuing attorneys' fees. *See* 20 U.S.C. § 1415(i)(3)(D)—(G).

Furthermore, the U.S. Supreme Court has indicated that courts should construe consistently its cases interpreting various statutes that authorize the award of "reasonable attorneys' fees" to prevailing parties. *See Innovation Toys, LLC v. MGA Entm't, Inc.*, Civ. A. No. 07-6510, 2014 WL 1276346 at *2 (E.D.La. Mar. 27, 2014) (Morgan, J.) (citing *City of Burlington v. Dague*, 505 U.S. 557, 561—62, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992)). The bankruptcy statute analyzed in *In re ASARCO* cannot reasonably be classified as a prevailing party fee award statute. *See* 751 F.3d at 299—301 (analyzing 11 U.S.C. § 330(a)). Instead, § 330(a) merely provides for compensation to lawyers and other service providers for

"necessary services rendered," without requiring prevailing party status. *See* 11 U.S.C. § 330(a). Available precedent on statutes more analogous to the IDEA's prevailing-party-fee-award-provisions clearly allow compensation for time spent litigating a fee claim. *See Johnson v. State of Miss.*, 606 F.2d 635, 637—38 (5th Cir. 1979) (in context of Civil Rights Attorney's Fees Awards Act, "attorney's fees may be awarded for time spent litigating the fee claim"); *see also Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985) (same); *see also* FEDERAL JUDICIAL CENTER, AWARDING ATTORNEYS' FEES AND MANAGING FEE LITIGATION 33 n.201 (3d. 2015) (discussing "unanimous" view that attorneys' fees may include award for time spent working on a fee petition). The Court therefore concludes that the IDEA permits attorneys' fees awards that include fees incurred litigating a fee petition.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Award of Attorney's Fees, Record Doc. 20, is **GRANTED IN PART** and **DENIED IN PART** in that defendant, the St. Tammany Parish School Board, must pay to plaintiffs, S.M., by and through his parents and next friends, Tina M. and Shannon M., the full amount of **$22,545.63** in reasonable attorneys' fees.

New Orleans, Louisiana, this _20th_ day of January, 2016.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**